1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8                    **DISTRICT OF NEVADA**
9
10   JAMES CARR, *et al.*,
11        Plaintiffs,                      Case No. 3:06-cv-00197-LDG (RAM)
12   v.                                    **ORDER**
13   NEVADA SYSTEM OF HIGHER
     EDUCATION, *et al.*,
14
         Defendants.
15
16
17        The plaintiffs, Hussein Hussein and Richard Schweickert, are faculty members of
18   the University of Nevada, Reno (UNR).  In their complaint, they challenge certain changes
19   to the procedures for reviewing faculty evaluations.  They seek a declaration that these
20   changes violate their contracts, and the First and Fourteenth Amendments of the United
21   States Constitution, and request injunctions requiring a return to the prior review
22   procedures.  The defendants, the Nevada System of Higher Education (NSHE), and
23   fourteen persons sued in their individual capacity, move for judgment on the pleadings or,
24   alternatively, for summary judgment (#53).  The plaintiffs oppose the motion (#55).
25
26

1    The plaintiffs also move to amend their complaint (#68), asserting that the "only

2    changes are the addition of" three new claims.  The defendants oppose the amendment of

3    the complaint (#76).

4    The plaintiffs also move to strike the defendants' Motion for Judgment on the

5    Pleadings or, Alternatively for Summary Judgment as to certain of the defendants (#68),

6    and move for Entry of a Clerk's Default as to these defendants (#70).[1]

7    <u>Plaintiffs' Motion to Strike and Motion for Entry of Clerk's Default</u>

8    Several months after briefing was completed on the defendants' motion, the

9    plaintiffs filed their motion to amend, their motion to strike the defendants' motion as to

10   NSHE and seven of the individual defendants, and their motion for entry of clerk's default

11   as to these defendants.  For the following reasons, the court finds the motion to strike and

12   the motion for clerk's default are frivolous and were filed in bad faith.

13   The plaintiffs' motions to strike and for entry of a clerk's default rest upon their

14   assertion that NSHE and four individual defendants did not file a timely answer, and that

15   the remaining three did not file any answer.  The docket plainly and obviously establishes,

16   however, that the plaintiffs entered into a stipulation that extended the time to file an

17   answer, and that NSHE and *at least* four[2] of the seven individual defendants at issue in

18   these motions filed an answer within the time provided by the stipulation.  Given that the

19   plaintiffs stipulated to the filing of the late answer, and that the stipulation was approved by

20   the court, the plaintiffs' assertion that these defendants' answer was untimely can only be

21   considered as frivolous and made in bad faith.

22   ────────────────────

23   [1]    The plaintiffs move to strike the defendants' opposition to this request, which
motion the court will deny.

24   [2]    The answer is, at most, somewhat ambiguous whether it was filed on behalf
25   of all served defendants listed as defendants in the caption of the complaint, or only those
served defendants listed above the caption and on the signature page.  The court has
26   understood, however, that the answer was filed on behalf of all served defendants named
by the plaintiffs in the caption of their complaint.

1    In addition, the court notes that the plaintiffs filed their motions several months after

2   defense counsel filed the defendants' motion on behalf of all individual defendants and

3   NSHE.  The plaintiffs did not oppose that motion for any of the reasons raised in the motion

4   to strike or for entry of clerk's default, indicating both an awareness that defense counsel

5   was representing all named defendants in this action, and negating any inference that

6   plaintiffs were somehow prejudiced by counsels' representation of all defendants.  Further,

7   in their motion, the defendants specifically and expressly argued that the plaintiffs could not

8   maintain their constitutional claims[3] against any of the individual defendants because the

9   plaintiffs (a) sought only prospective relief, (b) prospective relief could only be obtained

10   against the individual defendants in their official capacity, but (c) the individual defendants

11   were named only in their individual capacity.  In their opposition, the plaintiffs expressly

12   conceded that defendants were correct, specifically acknowledging that they could not

13   maintain their original complaint against the individual defendants.  The plaintiffs, despite

14   moving to amend their complaint on the same date they filed these motions, made no effort

15   to correct their error in their proposed amended complaint.  In light of the plaintiffs'

16   concession of their error, the court finds that the plaintiffs' motions against the individual

17   defendants are frivolous and brought in bad faith.  The court will not condone the plaintiffs'

18   attempt to obtain a default against parties whom the plaintiffs previously acknowledged

19   they have sued in the wrong capacity.

20    <u>Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment</u>

21    For a plethora of reasons, the court will grant the defendants' motion.

22

23

24

_____

25    [3]    The constitutional claims are the only claims alleged against the individual
26   defendants.  Further, the individual defendants are the only defendants named in the
     constitutional claims.

3

1    The essence[4] of the plaintiffs' complaint is that the NSHE Board of Regents altered

2    the NSHE Code, which Code is incorporated into each faculty member's contract, relative

3    to the procedures for the review of faculty evaluations.   One result of the change was that

4    reviews could be conducted by peers rather than by a grievance committee.  Another result

5    of the change in the Code was that, if an evaluation was amended following review, both

6    the original evaluation and its changes became part of the faculty member's personnel file.

7    As against NSHE, the plaintiffs assert the changes violated the terms of their contracts.[5]

8    As against the individual defendants, the plaintiffs assert the changes violated the First

9    Amendment and the Due Process Clause of the Fourteenth Amendment.  For relief, the

10   plaintiffs expressly alleged they were not seeking monetary damages, but only declarations

11   and injunctions.

12       The plaintiffs cannot maintain either of their constitutional claims, for which they

13   seek only prospective relief, against any individual defendant in their individual capacity.

14   As acknowledged by the plaintiffs, however, they named the defendants only in their

15   individual capacity.  Accordingly, judgment is appropriate in favor of the defendants in their

16   individual capacity.

17       While the plaintiffs suggest, in their opposition, that this error could be corrected by

18   an amendment to their complaint in which they name the individual defendants in their

19   official capacity, they have not sought such leave.  Further, although the plaintiffs have

20   moved to amend their complaint, they did not seek to name the defendants in their official

21   capacity.

22

---

23       [4]    Having carefully reviewed the complaint, the court would note that it fails to
24   comply with the requirement of Federal Rule of Civil Procedure 8 of a short and plain
     statement of the claims.

25       [5]    Certain allegations within the complaint suggest that the plaintiffs intended to
26   bring their complaint on behalf of a class.  The plaintiffs, however, have failed to engage in
     any effort to certify this matter as a class action.

1    The court would note, however, that any such amendment would be futile.  First,

2    assuming that the plaintiffs have a constitutional right to have their faculty evaluations

3    reviewed, the plaintiffs have not offered any law suggesting that they have a due process

4    right to any specific type of review procedure.  Thus, they cannot maintain their due

5    process claim solely on the basis that the review procedure changed.  Further, the plaintiffs

6    have not offered any law suggesting that the "due process" afforded by peer review

7    violated constitutional requirements.

8    Second, the plaintiffs' claims have been mooted by subsequent changes that again

9    provide that faculty members can grieve evaluations.

10    The plaintiffs also cannot maintain their claims against NSHE.  As noted,

11    subsequent changes that again provide for the grieving of a faculty evaluation have mooted

12    their claims regarding the procedures for review.  Second, the plaintiffs' claims against

13    NSHE rely upon their argument that not only is the NSHE Code incorporated into their

14    contracts, but the UNR *by-laws* are also incorporated into their employment contracts.  The

15    Nevada Supreme Court has ruled otherwise.  *See LaForge v. State of Nevada, as the*

16    *University and Community College System of Nevada*, 997 P.2d 130 (Nev. 2000).  Third,

17    the plaintiffs' contracts are for a term of one-year, and incorporate changes to the NSHE

18    Code when they are renewed on July 1 of each year.  The plaintiffs have not directed the

19    court's attention to any provision within their contracts that prohibits NSHE from offering a

20    contract each year that incorporates properly implemented changes to the prior year's

21    contract.  Further, both plaintiffs renewed their contracts annually, accepting the benefits of

22    the renewed contracts as well as any changes when compared to a prior contract.

23    The defendants raise other arguments suggesting that judgment is appropriate.  For

24    example, they assert that plaintiffs should be barred from litigating these claims in this

25    matter because they have brought numerous other suits in which these claims could have

26    and should have been brought, or were brought and litigated.  The defendants also argue

1    that judgment is appropriate because of the delay in bringing these claims, including an

2    argument that the constitutional claims are barred by the statute of limitations.  While it

3    appears some of these further arguments have merit, the court has not addressed them.

4            Motion to Amend

5            The plaintiffs seek to amend their complaint, alleging that the "only changes are the

6    addition of the last three claims for relief."  The proposed fifth claim appears to assert that a

7    change to the NSHE code eliminated a type of grievance that faculty members could bring,

8    in violation of their right to "academic freedom" under the First Amendment.  They assert

9    that, as a result of this change, an "opportunity" exists for "adminstrators to deprive faculty

10   of their academic freedom."  The proposed sixth claim appears to allege two separate

11   claims: (a) that the selection of the grievance committee violates the "academic freedom"

12   because the administration has a direct influence upon the composition of the committee,

13   and (b) faculty are deprived of "necessary evidence" previously available to grieve their

14   evaluations.  The latter allegation apparently concerns the denial of the confidential

15   evaluations of other faculty members to a faculty member grieving his or her evaluation.

16   The seventh proposed claim alleges that, although the procedures and policies previously

17   reserved to the President of an individual institution the final decision regarding a

18   grievance, and although those procedures and policies continue, the *practice* has been that

19   the President has exercised that authority by not following the recommendations of the

20   grievance committee.

21           The proposed amended complaint again names the individual defendants only in

22   their individual capacity.

23           The court will deny the motion to amend as futile.  The plaintiffs do not provide any

24   explanation as to how their fifth claim is not redundant of their prior claims.  Further, in their

25   proposed fifth and sixth claims, the plaintiffs do not challenge any actual incident, but

26   merely that changes in the procedures provide an "opportunity" for an unconstitutional

1    violation of their right to academic freedom.  Although the plaintiffs seek injunctive relief,

2    they have not alleged a credible threat of immediate future harm.  Further, any standing

3    that might have existed was mooted by changes to UNR's adoption of changes to its by-

4    laws providing for a grievance process to review faculty evaluations.

5          Finally, the plaintiffs assert that their seventh claim for relief seeks only a

6    determination that they have a contract right to the process regarding the institution

7    President's review, and not a right to a favorable outcome.  They further argue that "the

8    question is the fairness of the decisional process; the decisions resulting are not being

9    challenged."  To the extent that the plaintiffs are challenging, as they argue, a process and

10   procedure that predates any of the changes at issue in the remainder of their complaint (as

11   they alleged in their proposed amended complaint) the claim is extremely untimely under

12   both the statute of limitations and the doctrine of laches.  Accordingly, the court will deny

13   the motion to amend as futile.  Therefore, for good cause shown,

14         THE COURT **ORDERS** that plaintiffs' Motion to Strike (#69) is DENIED;

15         THE COURT FURTHER **ORDERS** that plaintiffs' Motion for Entry of Clerk's Default

16   (#70) is DENIED;

17         THE COURT FURTHER **ORDERS** that plaintiffs' Motion to Strike (#72) is DENIED;

18         THE COURT FURTHER **ORDERS** that defendants' Motion for Judgment on the

19   Pleadings, or Alternatively for Summary Judgment (#53) is GRANTED;

20         THE COURT FURTHER **ORDERS** that plaintiffs' Motion to Amend (#68) is DENIED;

21         THE COURT FURTHER **ORDERS** that plaintiffs' Objection to Ruling of Magistrate

22   Judge (#62) is DENIED,

23      DATED this ____ day of September, 2008.

24

25                                                    _____
                                                      Lloyd D. George
26                                                    United States District Judge

                                        7